# BALTIMORE CITY COURT.

Filed June 16, 1924.

MARTIN H. NELSON
VS.
SUN LIFE INSURANCE CO.

*Wm. Deal Roycroft* and *Jacob S. New* for plaintiff.

*Fisher & Fisher* for defendant.

DUFFY, J.—

This is a suit by a beneficiary against an insurance company on a death policy. The defendant wishes to prove what will appear on the face of certain prescriptions for narcotic drugs in the possession of the witness, C. W. Folckeminer, a druggist. He was summoned to produce these prescriptions before the Examiner, and has refused to either produce them or disclose any of their contents, and his refusal to answer has been duly certified to this Court.

Section 5 of the Acts of Congress regulating the dispensing and sale of narcotic drugs provides:

The duplicate order forms and the prescriptions shall be open to inspection by officers and agents of the Treasury Department and such officials of any State as shall be charged with the enforcement of any law regulating the sale, dispensing, etc., * * * of the aforesaid drugs. * * * Any person who shall disclose the information contained in the said statements or returns or in the said duplicate order forms, except as herein expressly provided, and except for the purpose of enforcing the provisions of this Act or for the purpose of enforcing any law of any State regulating the sale, dispensing, etc., of the aforesaid drugs, * * * shall on conviction be fined or imprisoned as provided in Section 9 of this Act.

When we consider the subject matter of this Act of Congress it becomes clear that by the quoted language it was intended to exclude the prescriptions and documents mentioned from the inspection and the knowledge of any person not coming within the mentioned exceptions, to wit: Treasury officials and State officials engaged in investigating and prosecuting violations of this Act, or a State law regulating the sale and dispensing of narcotic drugs. I do not find in the above language any warrant for holding that this druggist having some of these prescriptions in his possession, can be compelled to produce them in this Court, by the process of this Court, to be used in evidence in an ordinary civil trial such as the case at bar. For this reason this application to compel the witness to produce said prescriptions must be refused. The State Narcotic Drug Act, contained in Art. 27, Sections 237, 237-a-b-c of the Code, was intended to accomplish the same result as the Act of Congress. The prohibitory part of Sec. 237-B, which applies to the application in the case at bar is as follows:

No copy or duplicate of such written order or prescription shall be made or delivered to any person, but the original shall at all times be open to inspection by the prescriber, the State's Attorney * * * or Committee of this Grand Jury. * * *

I do not consider this language broad enough to prohibit this Court from compelling the witness, Folckeminer, to produce before the Examiner the prescriptions called for.

The motion of defendant filed May 19th, 1924, will be dismissed.